### MINNICH v. GARDNER et al.
### No. 5088.

Circuit Court of Appeals, Third Circuit.

July 12, 1933.

Rehearing Denied Oct. 2, 1933.

John N. Minnich, of Bedford, Pa., for appellant.

A. E. Kountz, C. A. Fry, and Kountz & Fry, all of Pittsburgh, Pa., and J. Colvin Wright, of Bedford, Pa., for appellees.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a final order and decree of the District Court for the Western District of Pennsylvania sitting in bankruptcy. On March 21, 1929, the appellant entered a judgment against the King Motor Company in the court of common pleas of Bedford county. On March 26, 1929, he caused execution to be issued upon the judgment. On March 27, 1929, the sheriff levied upon the personal property of the King Motor Company and indorsed his levy upon the writ. On April 15, 1929, the sheriff returned "goods on hand not sold." On April 18, 1929, the appellant caused a writ of vend. ex. to be issued; on September 4, 1929, an alias writ of vend. ex.; and on November 14, 1929, January 22, 1930, and April 30, 1930, pluries writs of vend. ex. Each of these writs was returned by the sheriff, either with the indorsement "goods on hand not sold, writ not executed for want of time," or "goods on hand not sold." On August 21, 1930, the appellant instructed the sheriff to advertise the goods of the King Motor Company for sale and to sell the same immediately. On August 25, 1930, a receiver in equity was appointed for the King Motor Company by the court of common pleas of Bedford county. The sheriff advertised on August 21, 1930. On August 30, 1930, an involuntary petition in bankruptcy was filed against the King Motor Company, which was adjudged a bankrupt on September 19, 1930, and a trustee in bankruptcy appointed. Written notice was given to the trustee that the appellant had a lien upon the personal property of the King Motor Company because of the levy of March 27, 1929. All of the personal property of the company was sold. It was agreed by the trustee and the appellant that 50 per cent. of the proceeds of the sale represented the value of the property which had been levied upon by the appellant. The referee awarded this sum to the appellant as a lienor. Upon the referee's certificate for review, the District Court decreed that the writs of execution did not entitle the appellant to valid liens against the fund nor to any distribution in preference to the priority wage claims. No opinion was filed by the District Court.

In Platt-Barber Co. v. Groves, 193 Pa. 475, 44 A. 571, 573, the court said: "The rule

is well established that an execution which is not put in the sheriff's hands with the bona fide intention of collecting the debt, but merely to be held as a security, or to prevent other creditors from coming upon the debtor's goods, is fraudulent as to them, and will be postponed to subsequent levies; and stay or unusual delay of the proceedings allowing the debtor to sell or otherwise to deal with the goods in contravention of the levy, and other acts of similar nature, give rise to a presumption of want of good faith; Dorrance's Adm'rs v. Com., 13 Pa. 160; Earl's Appeal, 13 Pa. 483; Freeburger's Appeal, 40 Pa. 244."

 A lien claimant undoubtedly is entitled to rebut the presumption of want of good faith. Under the facts, we reach the conclusion that the appellant, the lien claimant here, made his levy solely for the purpose of acquiring a lien and without a genuine intention of proceeding promptly for the collection of his debt. He postponed all action until such time as the debtor was obviously insolvent and within four months of the bankruptcy. He has not met the test of good faith, and has therefore failed to establish liens upon the fund.

The decree is affirmed.